

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable A. J. Luckett
County Attorney
Comal County
New Braunfels, Texas

Dear Sir:

Opinion No. O-2200
Re: When are fees "earned" in
criminal cases, Article 1027,
C. C. P., by district clerk?
And related questions.

Your letter of April 8, 1940, requesting an opinion of this department contains the following inquiries:

"1. In a criminal case, where Defendant had been indicted and case filed and docketed by predecessor in office, who reported fees as 'earned' and case later disposed of during term of present District Clerk, when are fees 'earned', and shall present District Clerk collect fees?

"2. Does Article 1027 (Code of Crim. Proc.), providing that no fees shall be paid to any officer until case finally disposed, apply to District Clerks?

"3. In civil cases, are fees split between present District Clerk and past District Clerk according to date of filing, issuance of subpoena, etc., or may present District Clerk collect all fees where case tried or settled and final judgment taken during term of present District Clerk? Does Article 3891 (Rev. Civ. Stat.) apply to fees 'earned', as well as fees 'due' and fees 'accrued', and are said fees payable to District Clerk who has 'earned' same?"

Fees to district clerks for recording sheriff's accounts shall be paid at the end of the term of court in which the service was rendered; fees payable for making transcripts on change of venue and on appeal shall be paid as soon as the service is performed; and such fees mentioned,

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable A. J. Luckett, Page 2

including the fees for entering judgment in habeas corpus cases are not contingent upon showing the case is finally disposed of. Articles 1026, 570 and 1034, Vernon's Annotated Code of Criminal Procedure; McCormick v. Sheppard (Com. App.) 86 S. W. (2d) 213. In the above instances, such fees would be considered "earned" when the services were performed.

Article 1026, Vernon's Code of Criminal Procedure, Title 15, authorizes the district clerk to receive eight or ten dollars according to the number of preceding presidential votes cast in the county, whether three thousand or over or less than three thousand, for each felony case, murder excepted, finally disposed of without trial or dismissed, or tried by jury, whether the defendant be acquitted or convicted.

With reference to the above fee under Article 1026, supra, this statute was construed in an opinion rendered January 21, 1913, found in Volume 27, page 171, of approved opinions of this department, written by the late Chief Justice C. M. Cureton, who was then First Office Assistant to the Attorney General, in which it was held that such fee was in the nature of a trial fee and is payable to the clerk in office at the time the case is tried. This construction of the statute has been consistently followed and such fee is not considered "earned" until the case is finally disposed of.

Such fees not considered earned until the case is finally disposed of, the district clerk in office at the time the case is disposed of makes the collection and reports same in his fiscal report as earned fees rather than his predecessor.

Article 1027, Vernon's Annotated Code of Criminal Procedure, provides:

"In all cases where a defendant is indicted for a felony but under the indictment he may be convicted of a misdemeanor or a felony, and the punishment which may be assessed is a fine, jail sentence or both such fine and imprisonment in jail, the State shall pay no fees to any officer, except where the defendant is indicted for the offense of murder, until the case has been finally disposed of in the trial court. Provided the provisions of this Article shall not be construed as affecting in any way the provisions of Article 1019, Code of Criminal Procedure, as amended by Chapter 205, General Laws,

Honorable A. J. Luckett, Page 3

Regular Session, Forty-second Legislature; provided this shall not apply to examining trial fees to County Attorneys and/or Criminal District Attorneys."

Article 3892 of Vernon's Annotated Civil Statutes provides:

"Any officer mentioned in this Chapter who does not collect the maximum amount of his fees for any fiscal year and who reports delinquent fees for that year, shall be entitled to retain, when collected, such part of such delinquent fees as is sufficient to complete the maximum compensation authorized by Articles 3883, 3883-A, and 3885 for the year in which delinquent fees were charged, and also retain the amount of excess fees authorized by law, and the remainder of the delinquent fees for that fiscal year shall be paid as herein provided for when collected; provided, the provisions of this Article shall not apply to any officer after one year from the date he ceases to hold the office to which any delinquent fee is due, and in the event the officer earning the fees that are delinquent has not collected the same within twelve months after he ceases to hold the office, the amount of fees collected shall be paid into the county treasury. Provided, however, that nothing in this Act precludes the payment of ex-officio fees in accordance with Title 61 of the Revised Civil Statutes of Texas, 1925, as part of the maximum compensation. Provided, that any change made in this Article by this Act shall not apply to fees heretofore earned."

Article 3891, Vernon's Annotated Civil Statutes, in part, provides:

". . . All fees due and not collected, as shown in the report required by Article 3897, shall be collected by the officer to whose office the fees accrued and shall be disposed of by said officer in accordance with the provisions of this Act. . . ."

By the plain provisions of Article 1027, supra, reading "the state shall pay no fees to any officer", this includes the district clerk. Similar language is to be

found in Article 1019, Acts 1931, Forty-second Legislature, Chapter 5.

Answering your questions in the order presented, it is the opinion of this department:

1. In criminal cases, the fees of the district clerk are considered earned when the service for which same are authorized to be charged, is performed. The eight or ten dollar fee prescribed in Article 1026, Vernon's Code of Criminal Procedure, however, is not considered earned until the case is finally disposed of.

2. The provisions of Article 1027, Vernon's Annotated Code of Criminal Procedure, apply to the district clerk.

3. In civil cases filed during the term of a past district clerk, it is possible for both the incumbent and the past district clerk to have "earned" fees taxed therein as costs. Article 3891, Vernon's Civil Statutes, applies as to those fees earned and collected as well as to all fees due and uncollected. All fees charged in civil cases due and uncollected shall be collected by the incumbent of the office rather than his predecessor with Article 3892, Vernon's Civil Statutes, applicable to the delinquent fees of his predecessor in office.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Wm. J. R. King
Assistant

WRK:LM

APPROVED MAY 10, 1940

ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE